[No. 22450.   Department Two.   August 11, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. BOB BALLARD *(alias Robert Thornton) et al., Appellants.*[1]

*Ralph R. Weeks,* for appellants.

*Charles W. Greenough* and *Frank Funkhouser,* for respondent.

MAIN, J.—The defendants were, by information, charged with unlawfully opening up, conducting and maintaining a place for the sale of intoxicating liquor.

[1]Reported in 290 Pac. 703.

148

The trial resulted in a verdict of guilty. A separate judgment and sentence was entered as to each defendant, from which both appeal.

The place which the appellants were charged with unlawfully opening up, conducting and maintaining for the unlawful sale of intoxicating liquor was at 822 West Second avenue, in the city of Spokane.

It is our understanding that the only question now urged upon the appeal is whether the evidence of the state was sufficient to take the question of the appellant Hardesty's guilt to the jury. The state offered evidence which tended to show that this appellant was about the place as a lookout; that, at the time of his arrest, he had in his possession the key to the cash register and also to the front door; that, on one occasion previously, he had been seen driving a bottle man to the place, a bottle man being one that furnished liquor to be sold therein; that he took a lease from the owner of the place in the name of Roy Hardiman; that he had been seen at the place from time to time for two or three months previous; and that, after his arrest, in response to a statement of one of the officers, he said, ''Well, they all know what I am doing up there, and I am trying to get along the best I can.'' The evidence offered by Hardesty disputes that presented by the state in all material particulars. The evidence of the state, if believed by the jury, and they had a right to believe it, was sufficient to sustain a conviction of the crime charged.

This case is not like that of *State v. Jukich*, 135 Wash. 682, 239 Pac. 207, where it was held that the presumption of ownership and control arising from a city license to run a soft drink place was overcome by undisputed evidence that the defendant had sold out the place to the person found conducting it. The case now before us does not rest upon a presumption, but

upon evidence which, as indicated, was sufficient to support the verdict.

The judgment as to each of the appellants will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.